**Alan EINHORN et al.**

**v.**

**John MAUS et al.**

**Civ. A. No. 69–1403.**

United States District Court
E. D. Pennsylvania.

June 27, 1969.

tion. Miller v. Preitz, 422 Pa. 383, 221 A.2d 320 (1966).

Wolf, Block, Schorr & Solis-Cohen, Judah I. Labovitz, Philadelphia, Pa., for plaintiffs.

Stefan, Timoney, Knox & Avrigian, Thomas J. Timoney, Ambler, Pa., for defendants.

## OPINION

KRAFT, District Judge.

This is a civil rights action [1] brought by twelve minor plaintiffs and their parents to enjoin the defendant school officials from placing any notation upon the school record of any student who distributed literature or wore an arm band bearing the legend "HUMANIZE EDUCATION" at the graduation ceremonies of Springfield Township Senior High School on June 5, 1969.

Plaintiffs also seek to restrain defendants from communicating to any school, college, university, institution of higher learning or employer the fact that any student wore such an arm band or distributed such literature at the graduation ceremonies or that such students ignored an order of the school authorities not to engage in such activities.

Now before us is plaintiffs' motion for a preliminary injunction. At the hearing, the parties stipulated that for the purposes of this motion, the facts alleged in plaintiffs' complaint were to be taken as true. The Court approves the stipulation and adopts the allegations of fact in the complaint as its findings of fact.

At the hearing, the parties further stipulated that the only communication intended to be transmitted by defendants to the colleges and universities at which the minor plaintiffs hope to matriculate, respectively, in the fall is as follows:

This letter is submitted to supplement the information we have furnished concerning ————. He/she was one of 22 seniors who wore arm bands at our Commencement Exercises *bearing the legend "Humanize Education"* [2] as as indication of his/her concern regarding certain aspects of our educational program.

These students wore arm bands even though they had been requested not to wear any insignia which deviated from the formal graduation attire. There was no disorder at the Commencement Exercises.

Counsel for the plaintiffs, at the hearing, agreed, in response to a question from the Court, that, if the defendants simply communicated to any such school a true factual account of what occurred at the graduation exercises, without expression of opinion as to the lawfulness or propriety of the demonstration, no constitutional invasion of plaintiffs' rights would occur. The proposed letter, supra, was first exhibited to the plaintiffs and their counsel at the hearing.

█ Since this is a motion for preliminary injunction it is fundamental that plaintiffs, in order to prevail, must demonstrate the likelihood of immediate, irreparable harm flowing from the defendants' proposed conduct.

█ An expression of opinion by students through the medium of arm bands in an orderly demonstration is constitutionally protected and cannot be circumscribed. Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (Feb. 24, 1969).

█ The students here demonstrated in an orderly manner and simply publi-

1. 42 U.S.C.A. § 1983.

2. The italicized portion was interlineated at the suggestion of the Court with the approval of the litigants and will not be given emphasis in the intended letter.

cized their views upon the humanizing of education by wearing arm bands. No disciplinary action whatsoever was taken by the school officials against the students, although they had been instructed not to deviate from the formal graduation attire.

We perceive no threatened irreparable harm flowing from the proposed letter nor have the plaintiffs offered any evidence to demonstrate any likelihood thereof. School officials have the right and, we think, a duty to record and to communicate true factual information about their students to institutions of higher learning, for the purpose of giving to the latter an accurate and complete picture of applicants for admission.

The contention that the defendant school officials *may* attempt to prevent succeeding graduates from expressing their views in graduation exercises in June, 1970 or thereafter does not warrant a grant now of extraordinary relief by this Court in the form of a preliminary injunction, since the action of the school officials alleged by plaintiffs *to be anticipated* does not pose a threat of immediate irreparable harm. What future graduating students may do or refrain from doing neither the Court nor the defendant school officials can forecast. When such student action or inaction becomes reasonably determinable we think, in light of the present suit, that the school officials then in charge will be guided in their actions by Tinker v. Des Moines Independent Community School District, supra, and any relevant interim decisions. If they fail so to do a remedy is not lacking.

The foregoing opinion embraces the Court's findings of fact and conclusions of law in compliance with Fed.R.Civ.P. 52(a).

### ORDER

Now, this 27th day of June, 1969,

It is ordered that the plaintiffs' motion for a preliminary injunction be, and it is, denied.