**Ethel JORDEN, Appellant,**

v.

**METROPOLITAN UTILITIES DISTRICT,**
**Appellee.**

**No. 74–1035.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1974.

Decided June 14, 1974.

Wilbur C. Smith, Omaha, Neb., for appellant.

Merlin E. Remmenga, Omaha, Neb., for appellee.

Before GIBSON and WEBSTER, Circuit Judges, and WILLIAMS, District Judge.*

PAUL X WILLIAMS, District Judge.

The Appellant, plaintiff Ethel Jorden, a citizen of Nebraska and a resident of Omaha filed complaint against the Appellee, defendant Metropolitan Utilities District under 42 U.S.C. § 1983.

The District Court dismissed the complaint for failure to state a claim upon which relief can be granted. From the dismissal Appellant appeals.

The complaint which seeks both compensatory and punitive damages from the Metropolitan Utilities District alleges in part as follows:

1.

Plaintiff is a citizen of the State of Nebraska and has been a resident for at least 20 years of the City of Omaha, Douglas County. That plaintiff occupies as her residence and maintains as her dwelling 3427 Seward Street in the City of Omaha and is, and has been a customer for many years, who was current in the payment of utility charges of the defendant, Metropolitan Utilities District which provides gas, water and sewer services to inhabitants of the City of Omaha.

2.

That the defendant, Metropolitan Utilities District is a Municipal Corporation in the City of Omaha, Douglas County, Nebraska, providing utility services in a proprietary capacity and as a function operated pursuant to express legislative enactments under the color of State and Local laws and through the exercise of the State's police power as an instrumentality of the State of Nebraska, empowered to engage in supplying utility services and which has exclusive control over furnishing the inhabitants of the City of Omaha and surrounding territory with gas, water and sewer system, Section 14–1001 to 14–1042; 14–1101 to 14–1110, and as implemented by Metropolitan Utilities District Water Rules and Regulations.

3.

Allegations of jurisdiction herein arises under 28 USCA sections 1343 (3), (4) and 42 USCA section 1983, that (1) Defendants act under color of State or local law and (2) that the plaintiff be deprived of a right, privilege or immunity secured to all citizens and persons by the Constitution and laws of the United States or by an Act of Congress. The matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000.00.

4.

On Tuesday, March 20, 1973, between the hours of 12 o'clock noon and 4 o'clock in the afternoon the defendant, its agents and employees, negligently and wrongfully cut off the water supply to the plaintiff's residence, without notice or a hearing. Defendant, its agents and employees failed to restore water until approximately four forty five in the afternoon (4:45 P.M.) Wednesday March 21, 1973, thereby depriving plaintiff of water for approximately 26 hours.

The prayer for relief in the complaint states inter alia:

Wherefore, plaintiff respectfully prays for compensatory damages in the sum of $16,400.00, [and] punitive damages in the sum of $100,000.00.

■ Appellant contends in this court that Metropolitan Utilities District is a "person" within the language of 42 U.S.C. § 1983. It will be noted that the complaint alleges that Metropolitan is a "Municipal Corporation." The law is now settled that § 1983 has no application to a municipal corporation. In

* The Honorable Paul X Williams, United States District Judge, Western District of Arkansas, sitting by designation.

City of Kenosha v. Bruno, 412 U.S. 507, 513, 93 S.Ct. 2222, 2226, 37 L.Ed.2d 109 (1973), the Supreme Court stated:

We find nothing in the legislative history discussed in *Monroe* [v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)], or in the language actually used by Congress, to suggest that the generic word "person" in § 1983 was intended to have a bifurcated application to municipal corporations depending on the nature of the relief sought against them. Since, as the Court held in *Monroe*, "Congress did not undertake to bring municipal corporations within the ambit of § 1983," *id.*, at 187 [81 S.Ct. 473], they are outside its ambit for purposes of equitable relief as well as for damages.

*Accord*, Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); Curran v. Lee, 484 F.2d 1348 (2nd Cir. 1973); Gibson v. City of Seattle, 472 F.2d 1220 (9th Cir. 1973); Davis v. United States, 439 F.2d 1118 (8th Cir. 1971).

■ The nub of appellant's contention is that Metropolitan is not a "true" municipal corporation, in that it performs only proprietary functions, in contrast to governmental functions. Appellant has cited us no authority for her proposition nor do we find any. The exclusion of municipal corporations from liability under § 1983 was based upon a Congressional belief that it lacked the constitutional power to impose liability upon any and all municipal corporations, whether or not they were immune from liability under state law (where the distinction between proprietary and governmental functions may still determine their state law immunity). Moor v. County of Alameda, *supra* at 709–710.

We perceive no basis to import the often nebulous distinction between the proprietary and governmental functions of a municipal corporation into the federal law question of its civil liability under § 1983.

It will be further noted that, no matter if the sought damages are called "compensatory and punitive" this is still an action in which the plaintiff seeks a money judgment against a municipal corporation. And it is not the business in which Metropolitan engages which excludes it from the language of § 1983, it is the fact that is WHAT it is—a Municipal Corporation.

■ It is elementary that District Courts of the United States are courts of limited jurisdiction. They are empowered to hear only such cases as are within the judicial power of the United States as defined by the Constitution and have been entrusted to them by a jurisdictional grant by Congress.

In the case at bar, there has been no such grant. Hence there is no jurisdiction in the district court to entertain this complaint.

■ If this case be considered an attempted suit against an agency of the State of Nebraska, the recent United States Supreme Court case of Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662, 42 U.S.L.W. 4419 (U.S., March 24, 1974), points out that the 11th Amendment to the United States Constitution precludes such an action unless the State has in some manner waived its sovereign immunity and consented to be sued, and there has been no such allegation or showing in this case.

The action of the district court was correct and is affirmed.