INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 2069, and Robert Watson, Individually and as President of Local 2069, Plaintiffs,

v.

CITY OF SYLACAUGA, Alabama, Mayor Ross Payton, Members of the City Council, William Parrett, Sherry Arnold, Rexie Lightsey, J. W. Smith, John Thomas, Members of the Civil Service Board, Charles Greer, Ernest Newman, Virginia Lewis, Chief P. A. Herd, Defendants.

Civ. A. No. CA 76–G–0917–E.

United States District Court,
N. D. Alabama, E. D.

March 31, 1977.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GUIN, District Judge.

Plaintiff International Association of Firefighters, Local 2069 ("Union") brought this action under 42 U.S.C. § 1983 against the City of Sylacauga, Alabama ("City"); Mayor Ross Payton ("Mayor"); Members of the City Council of Sylacauga, William Parrett, Sherry Arnold, Rexie Lightsey, J. W. Smith, and John Thomas ("City Council"); Members of the Civil Service Board of Sylacauga, Charles Greer, Ernest Newman, and Virginia Lewis ("Civil Service Board"); and Fire Chief P. A. Herd for injunctive and declaratory relief and for damages, alleging violations by defendants of plaintiffs' rights under the first and fourteenth amendments of the Constitution of the United States and Act 428 of the Alabama Legislature, Regular Session, 1951, approved August 17, 1951.

The specific acts complained of are as follows:

1. Chief Herd's prohibition of firefighters from voicing their complaints and grievances, allegedly in violation of their due process rights.

2. The Civil Service Board's summary promotions of Donald Conville and Oliver White, not union members, without the competitive examination required by Act 428 of the Alabama Legislature, Regular Session, 1951, and the Rules promulgated thereunder.

3. The suspension of Clark Dennis, a union member at the time of his suspension, by Chief Herd and the Civil Service Board, by reason of his having voiced his grievances in violation of Chief Herd's orders.

4. Defendants' refusal to meet with Union spokesmen to discuss employment practices and conditions, and defendants' refusal to recognize said spokesmen as representatives of the Union's members.

A trial of the issues was held on December 12, 1976, before the court, sitting without a jury.

George C. Longshore, Cooper, Mitch & Crawford, Birmingham, Ala., for plaintiffs.

C. W. McKay, Jr., McKay & Campbell, Sylacauga, Ala., for Civil Service Bd., Charles Greer, Ernest Newman and Virginia Lewis.

## FINDINGS OF FACT

### I.

1. Plaintiffs are the International Association of Firefighters, Local 2069, and an individual class representative, Robert Watson, who is himself a union member and a firefighter employed by the City of Sylacauga, Alabama, a defendant herein.

2. The numerosity requirement to the maintenance of a class action is patently not met in this case. However, since defendants failed to object to the class and the fact of class certification would not affect the relief granted, this action is treated by the court as if it were a class action.

3. The court further finds that the individual defendants' actions in promoting Donald Conville and Oliver White to the ranks of Lieutenant and Captain, respectively, in refusing to follow the mandates of Act 428, Alabama Legislature, Regular Session, 1951, approved August 17, 1951, and of the rules promulgated thereunder, in refusing to deal with plaintiffs in the manner required by Code of Ala., tit. 37, § 450(3), and in promulgating an amendment to Rule 1F, recited hereafter, to the Rules of the Civil Service Board, affect the rights of all members of the class to the same extent as they affect those of the individual class representative.

4. Federal question jurisdiction exists under 28 U.S.C. §§ 1331, 1343, and 2201. The complaint is brought under the first and fourteenth amendments and under 42 U.S.C. § 1983.

5. Defendant City of Sylacauga, Alabama, is a municipal corporation and is not a "person" within the meaning of 42 U.S.C. § 1983. Therefore, all § 1983 claims against this defendant must be dismissed. *Jorden v. Metropolitan Utilities Dist.*, 498 F.2d 514 (8th Cir. 1974); *Manos v. City of Green Bay*, 372 F.Supp. 40 (E.D.Wis.1974). Those claims, however, brought against the City under the first and fourteenth amendments are for the consideration of the court.

### II.

1. Clark Dennis was a firefighter for the Sylacauga Fire Department. He was hired on February 21, 1972, and was promoted to the rank of Lieutenant in April of the same year.

2. Clark Dennis wrote a "letter to the editor," published in a local newspaper, criticizing the city for its failure to purchase new firefighting equipment.

3. Chief Herd initiated, and the Civil Service Board upheld, the suspension of Dennis for five days without pay on account of said "letter to the editor," pursuant to a policy of Chief Herd expressed in the following notice posted on the bulletin board of the firehouse:

> Any request relative to wage increase, working conditions, or any complaints relative to the Fire Department shall be submitted in writing to me and any other complaints affecting the operation of the Fire Department shall be submitted in writing to me, for any violation of this rule by any employee shall constitute insubordination and grounds for immediate dismissal.
>
> Chief P. A. Herd.

4. At the time this action was commenced, Clark Dennis had resigned from the Fire Department and was no longer a member of plaintiff Union.

5. The action is properly to be dismissed as to all Clark Dennis claims for failure to bring it in the name of the real party in interest. Rule 17(a), Fed.R.Civ.P., 28 U.S. C.A.

### III.

1. The Civil Service Board of Sylacauga is a state agency formed under Act 428, Alabama Legislature, Regular Session, 1951, approved August 17, 1951, to promulgate rules and to administer a civil service system for Sylacuaga, Alabama, in accordance with said Act.

The preamble to said Act provides that its purposes, in part, are:

[to] provide a civil service system governing the . . . promotion . . . of the employees of the City of Sylacauga, . . . providing for examination and appointment and promotion of members of the departments on a competitive merit basis . . ..

Section 5 of the Act provides:

The [Civil Service Board] may make rules and regulations relating to eligibility for promotion.

Section 17 of the Act provides:

No recommendation by any officer or official . . . shall be considered by any person concerned with any examination or appointment under this act, except as to the general moral character of the applicant.

Rule 8A of the Rules of the Civil Service Board of Sylacauga, promulgated under the Act, provides:

Vacancies in classes of positions . . . shall be filled, . . . by promotion following competitive tests.

Rule 8 provides:

When a vacancy is to be filled . . . the Personnel Board shall certify the names of the three ranking eligibles and the appointment shall be made therefrom . . .

2. The Civil Service Board has jurisdiction over the employment practices of the police and fire departments of the City of Sylacauga by virtue of the said Act.

3. There was testimony to the effect, and this court so finds, that many of the officers of the fire department were promoted by summary appointment and not by competitive examination as required by the above mentioned law and rules. Promotions within the police department, on the other hand, were customarily made in compliance with the law and rules.

4. On April 6, 1976, Chief Herd notified the Civil Service Board that he had assigned fireman Oliver White as Temporary Captain and fireman Donald Conville as Acting Lieutenant. On May 31, Chief Herd wrote a letter to the Civil Service Board recommending the promotion of Oliver White to Captain and Donald Conville to Lieutenant. The same day, at the regular meeting of the Civil Service Board, a motion was passed promoting White to Captain and Conville to Lieutenant, "based on the recommendation of Chief Herd . . . ." These promotions were made without the benefit of competitive examinations.

5. The standard procedure, at least recently, for making promotions within the fire department has been that Chief Herd would recommend a man for a position and the Civil Service Board would appoint the man to the job based on Chief Herd's recommendation. This standard procedure and the procedure used to promote White and Conville are in violation of the Rules of the Civil Service Board and of the Act which the Civil Service Service Board was bound to administer.

IV.

Up until the time of trial, all defendants refused to recognize the Union representative as the collective bargaining agent of the Union's membership and to meet with said representative in his representative capacity to discuss employment practices and conditions, although requested to do so. It is the court's understanding, however, that since the time of trial all individual defendants have begun to meet and to deal with the Union's representative as a spokesman and are continuing to do so.

V.

Effective November 1, 1976, defendant Civil Service Board amended Rule 1F to read as follows:

The Board shall keep minutes of their meetings and records of all business transacted by them at each and every meeting. All records of the Board shall be held confidential by reason of public policy except as hereinafter provided: (1) All such minutes and records shall be open for inspection at all times by the City Clerk, Superintendents of Departments, Chief of Police, the Chief of the

Fire Department, and any member of the governing body of the City; (2) an applicant shall have the right to review his examination papers within thirty (30) days after notice to him of the grading of his examination; (3) any employee shall have the right to inspect the service ratings of his class and grade who are employed under the same appointing authority; (4) an appointing authority shall have the right to inspect the examination records and applications of those eligibles who have been certified to him for appointment; (5) the Rules of the Board shall be open for inspection by the public. Records subject to inspection may be inspected in the office of the Personnel Board on any business day when the same.are not in use. No person shall be permitted to remove any records from the office of the Board.

## CONCLUSIONS OF LAW

### I.

1. By Rule 17(a), Fed.R.Civ.P., 28 U.S.C.A., "Every action shall be prosecuted in the name of the real party in interest." Clark Dennis is the real party in interest in interest in an action for damages arising out of his allegedly wrongful suspension, but he is not a named plaintiff.

■ 2. The requirement of standing is jurisdictional; a federal court cannot entertain a civil action unless the plaintiff has standing to sue. *Frothingham v. Mellon,* 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923). For a party to have standing, the party must have such a personal stake in the outcome of the case as to assure a concrete adverseness. *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). To meet the requirement of standing, there must be a logical nexus between the status of the party claiming injury and the injury itself. *Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); *Council No. 34, American Fed. of State, C. & M. Emp. v. Ogilvie,* 465 F.2d 221 (7th Cir. 1972).

■ As Dennis was not a member of plaintiff Union at the time this action was brought, the Union has no stake in Dennis's claim for wrongful suspension, and there is no logical nexus between Dennis's injury and plaintiff Union's status as Dennis's former representative. Therefore, the Union does not have standing to assert Dennis's claim for damages.

■ 3. There was testimony to the effect that Clark Dennis had authorized plaintiff Union to represent him in his claim for damages in this case. It is well settled, however, that a grant of a mere power of attorney, short of an assignment of a claim, does not change the real party in interest. *Lewis v. Canadian Pac. Ry. Co.,* 39 F.2d 834 (7th Cir. 1930); *International Allied P. T. Ass'n v. Master P. Union,* 34 F.Supp. 178 (D.N.J.1940); *Photometric Products Corp. v. Radtke,* 17 F.R.D. 103 (S.D.N.Y.1954).

4. It is obvious that Dennis's damage claim has nothing to do with any class action issues asserted here.

### II.

1. Since policemen are promoted in accordance with the Civil Service Board's rules while firemen are not, a federal question of denial of equal protection of the laws under the fourteenth amendment to the Constitution of the United States is presented.

The fourteenth amendment is applicable to the states and, through the states, to the subdivisions thereof. 42 U.S.C. § 1983 provides a civil remedy against individuals who, under color of state law, deprive others of federally protected rights. All the individual defendants can fairly be said to have been acting under color of state law when they effected promotions within the police and fire departments.

■ The unequal application of a state law, fair on its face, may act as a denial of equal protection. *Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). So we reach the substance of the present inquiry: Were plaintiffs denied equal protection of the laws by defendants' promotional procedures?

In *Washington v. United States*, 401 F.2d 915 (D.C. Cir. 1968), the court held that to show a denial of equal protection, the classification must involve a "difference either based on a constitutionally suspect standard or lacking rational justification." *Id.* at 923.

■ A classification involving a distinction between policemen and firemen has never, to the court's knowledge, been subject to the strict scrutiny afforded suspect classifications. Nevertheless, the present policeman-fireman distinction must have a rational justification if it is to stand.

In *Royster Guano Co. v. Virginia*, 253 U.S. 412, 415, 40 S.Ct. 560, 64 L.Ed. 989 (1920), quoted with approval in *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971), and in *Stanton v. Stanton*, 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975), the Court stated that if a classification were to withstand an equal protection analysis it: "must be reasonable, not arbitrary, and must rest on some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike."

Under these standards, if plaintiffs show that the present classification does not rest on a ground of difference having a fair and substantial relation to the objects of Act 428, Alabama Legislature, Regular Session, 1951, approved August 17, 1951, or some other permissible state objective, then they have shown a denial of equal protection. Plaintiffs have met their burden of proof.

The preamble to the Act states as one of its objectives: "the examination and appointment and promotion of members of the departments on a competitive merit basis . . . ." The summary promotion of Conville, White, and others in the fire department solely on the basis of defendant Herd's recommendation, while policemen are promoted on a competitive merit basis in accordance with the Civil Service Board's rules, can hardly be said to serve the above quoted purposes of the Act. Nor has this court been directed to any other permissible purpose to which the classification could be

rationally related. Defendants, therefore, have denied plaintiffs their right to equal protection of the law.

■ 2. In federal question cases, pendent jurisdiction exists in federal courts to determine matters of state law even though the federal claims on which jurisdiction is based ultimately are deemed invalid, so long as the federal and state claims constitute "one case." *UMW v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Rumbaugh v. Winifrede Railroad Co.*, 331 F.2d 530 (4th Cir. 1964). The denial of federal and state rights in the present case constitute one wrong, demand the same manner of relief, and are, therefore, "one case."

■ If plaintiffs' federal claims be held invalid, plaintiffs would have state created rights, either to compel defendants to rescind the Conville and White promotions, or to oust them, and to require promotion of firemen in the future according to law. As plaintiffs have shown that defendants acted contrary to law in pursuance of their promotional duties, specifically in promoting Conville and White, plaintiffs have shown a clear, specific legal right under state law. *Campbell v. City of Hueytown*, 289 Ala. 388, 268 So.2d 3 (1972).

■ 3. A state may not deny any person liberty or property without due process of law. U.S.Const.Am. 14. To find a violation of procedural due process, it must appear that a state has failed to afford procedures adequate to protect a person's rights from unreasonable or arbitrary deprivation. *Thurston v. Dekle*, 531 F.2d 1264 (5th Cir. 1976); *Slochower v. Board of Education*, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692 (1956). To find a violation of substantive due process, it must appear that a state has unreasonably or arbitrarily deprived a person of a right to which he is otherwise entitled. *Allgeyer v. Louisiana*, 165 U.S. 578, 17 S.Ct. 427, 41 L.Ed. 832 (1897). This court finds that defendant Civil Service Board has, under color of state law, deprived plaintiffs of their property interest in the promotional procedures prescribed by

state law, thereby depriving plaintiffs of their substantive due process rights.

■ Plaintiffs, by virtue of their employment, have an entitlement to compete for promotions on a merit basis by competitive examination, if not by force of the state statute and Civil Service Board rules, then by an implied term in their employment contracts. The possibility of a property interest in a procedure has been recognized in *Catrone v. Massachusetts State Racing Commission*, 404 F.Supp. 765 (D.Mass.1975). The property interest of plaintiffs in the required promotional procedures is established by virtue of the statutory entitlement. *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Defendants have shown no permissible purpose reasonably to be served by depriving plaintiffs of their right to compete. The conclusion presses itself that defendants have denied plaintiffs' rights to substantive due process.

■ Defendants' denial of plaintiffs' right to compete for promotions was by custom and practice and without notice or ·hearing. Defendants thereby violated plaintiffs' procedural due process rights in depriving plaintiffs of their interest in competing for promotions.

■ A further procedural due process violation is found in defendant Civil Service Board's failure to follow its own rules in making promotions. *American Fed. of Gov. Employees, Loc. 1858 v. Callaway*, 398 F.Supp. 176 (N.D.Ala.1975); *Silverthorne v. Laird*, 460 F.2d 1175 (5th Cir. 1972); *Service v. Dulles*, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957). Not only were plaintiffs deprived of the right to compete for promotions, but they were also deprived of the right to the promotions themselves. The question of the presence of the requisite property interest is, at this point, closely intertwined with the question of standing. The question of whether a single plaintiff would have standing to assert a denial of procedural due process on these grounds is not before the court. This is a class action, the class being composed of

the firefighters of Sylacauga, present and future, and the possibility that one of the class members would have been promoted if the proper procedures had been followed is sufficient to provide standing for the individual class representative.

■ The fact of a direct and immediate interest of the Union likewise cannot be denied. *Frothingham v. Mellon, supra.* Similarly, the property interest of the Union as a class, and not of any single member, in jobs to which plaintiffs have a chance to be promoted is in issue. And, as with standing, the class is sufficiently numerous that it may have property rights not enforceable by any single member. A mere unilateral expectancy in a job is not a property interest within the due process clause. *Kota v. Little*, 473 F.2d 1 (4th Cir. 1973); *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). But plaintiffs have more than a mere unilateral expectancy. The probability that one of the class would have been promoted if proper procedures were followed is substantial and protectable and thereby rises out of the realm of unilateral expectancy and into that of property right.

■ Although the typical situation in which property rights in public employment are found is that in which a plaintiff is wrongfully discharged from a job he already has, *Thurston v. Dekle, supra,* it is no answer to the claim of a property right that plaintiffs did not actually have the jobs in question. A mere expectancy of a valuable benefit is recognized as a property right when the right to that benefit is protected by law. In *Torres v. Butz*, 397 F.Supp. 1015 (N.D.Ill.1975), a class action was brought by school children against government officials for an injunction, claiming that plaintiffs were wrongfully denied the free breakfasts to which they were entitled under the Child Nutrition Act. The court, citing *Board of Regents v. Roth, supra,* specifically held that plaintiffs had a property interest in the free breakfasts by virtue of their "legitimate claim of entitlement" under the statute, even though plaintiffs had never received free breakfasts under the Act.

That plaintiffs in the present action have not shown a clear and unconditional right to the jobs in question makes no difference to this decision, as defendants cannot set up their wrongful denial of plaintiffs' right to compete for the jobs as a defense.

 As plaintiffs were deprived of their property interest without a hearing and in violation of the Civil Service Board's own rules, they have been deprived of property without procedural due process, and the perpetrators of the wrong, acting under color of state law, are properly to be enjoined from further violations of these rights of plaintiffs and will be ordered to rescind the wrongful promotions of Conville and White and to fill these and future vacancies by competitive examination according to state law.

### III.

 In *Nichols v. Bolding*, 291 Ala. 50, 277 So.2d 868 (1973), the Supreme Court of Alabama held that under Code of Ala., tit. 37, § 450(3), firefighters have the right to membership in a union, that union representatives have the right to appear before city officials to make proposals as to wages, working conditions, etc., that city officials are under a duty to hear and to consider such proposals in good faith, the final decisions on such proposals resting with the city officials, and that city officials and firefighters can, by mutual consent, reduce such proposals and plans relative thereto to a written memorandum. City officials may not, however, be forced to make a contract with the union, and such a contract, if made, would be binding on neither party. This court has no doubt that the Alabama Supreme Court would extend the holding of *Nichols* to state boards such as the Civil Service Board of Sylacauga if the issue were before it.

It appears that the individual defendants in the present action have refused to comply with Code of Ala., tit. 37, § 450(3), as interpreted by the Alabama Supreme Court, but since the trial they have commenced doing so. That defendants are presently complying with the law in this regard does not render the question moot nor destroy the fact of irreparable injury. *United States v. W. T. Grant*, 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953).

### IV.

Code of Ala., tit. 41, § 145, provides: Every citizen has the right to inspect and take a copy of any public writing in this state, except as otherwise expressly provided by statute.

 A public record is generally held to be a record made by a public officer to serve as a memorial of official transactions for public reference. *People v. Purcell*, 22 Cal.App.2d 126, 70 P.2d 706 (1937); *Amos v. Gunn*, 84 Fla. 285, 94 So. 615 (1922); *City of Saint Matthews v. Voice of St. Matthews, Inc.*, 519 S.W.2d 811 (Ky.1974). The records referred to in the amendment to Rule 1F are, by this definition, "public records."

 The amendment to Rule 1F is invalid under state law as a restraint not expressly provided by statute, and is invalid under federal law as violating plaintiffs' and the public's rights to freedom of the press and of access to the courts.

Although the court hesitates to make such an express finding, the timing and substance of the amendment suggest that its purpose is to quell lawsuits against defendants which could otherwise result from access to the Civil Service Board's records. Regardless of the purpose of the amendment, it could quite conceivably have such an effect and is, therefore, a denial of plaintiffs' and the public's constitutional right to access to the courts. *United Transportation Union v. Michigan Bar*, 401 U.S. 576, 91 S.Ct. 1076, 28 L.Ed.2d 339 (1971).

As neither public nor press would be allowed to see the Civil Service Board's records, such an amendment would act as a prior restraint on freedom of the press. *Figari v. New York Tel. Co.*, 32 A.D.2d 434, 303 N.Y.S.2d 245 (1969); *Near v. Minnesota*, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931); *New York Times Co. v. United States*, 403 U.S. 713, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971).

For these reasons, the amendment to Rule 1F, recited above, is to be rescinded.

## V.

 It is well settled that a federal court should not issue an injunction unless there is both irreparable injury and lack of an adequate remedy at law. *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). If an injury cannot be adequately remedied at law, because damages would be either inadequate or unascertainable, the injury is generally held irreparable. *Ohio Oil Co. v. Conway,* 279 U.S. 813, 49 S.Ct. 256, 73 L.Ed. 972 (1929). Thus, the requirements of irreparable injury and lack of adequate legal remedy merge.

 Deprivations of constitutional rights are usually held to constitute irreparable injury as a matter of law. *American Fed. of Gov. Employees, Loc. 1858 v. Callaway, supra*; *Sampson v. Murray,* 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974).

The court finds that defendants dealt plaintiffs irreparable injury by not permitting plaintiffs to compete for promotions in the fire department, and specifically for the positions to which Conville and White were appointed. The court further finds that defendants dealt plaintiffs irreparable injury by not recognizing plaintiffs' rights as required by *Nichols v. Bolding, supra.* The court finds that plaintiffs suffered irreparable injury by the amendment of Rule 1F of the Rules of the Civil Service Board.

An appropriate order consistent herewith will be entered.

## ORDER OF FINAL JUDGMENT

In conformity with the Findings of Fact and Conclusions of Law entered contemporaneously herewith, it is hereby

ORDERED that the plaintiff class consists of all persons who are or will be firefighters employed by the City of Sylacauga, Alabama; and it is

FURTHER ORDERED that the promotion of Donald Conville to the rank of Lieutenant and the promotion of Oliver White to the rank of Captain of the Sylacauga Fire Department are hereby rescinded; and it is

FURTHER ORDERED that the above named members of the Civil Service Board of the City of Sylacauga are enjoined from making further promotions except after competitive examinations in accordance with Act 428, Alabama Legislature, Regular Session, 1951, approved August 17, 1951, and proper rules promulgated thereunder; and it is

FURTHER ORDERED that Chief P. A. Herd, Mayor Ross Payton, and the above named members of the Civil Service Board and the City Council of Sylacauga, Alabama, are enjoined from dealing with plaintiffs except in such manner as is in conformity with the standards set forth in the opinion of the Supreme Court of Alabama in *Nichols v. Bolding,* 291 Ala. 50, 277 So.2d 868 (1973); and it is

FURTHER ORDERED that the amendment of November 1, 1976, to Rule 1 F of the Rules of the Civil Service Board of Sylacauga is hereby rescinded and declared void; and it is

FURTHER ORDERED that plaintiff be awarded reimbursement for reasonable attorney's fees in the amount of one thousand dollars ($1,000.00); and it is

FURTHER ORDERED that the costs of this proceeding are taxed against the defendant Civil Service Board; and it is

FURTHER ORDERED that all other relief prayed for is DENIED.