Donald W. McDOWELL, Rebecca B. McDowell, Frank McLeod, Phillip Hartley, Plaintiffs,

v.

Rufus L. EDMISTEN, Attorney General for the State of North Carolina, Natalie J. Sugg, Jean H. Nelson, Paul W. Harrison, Defendants.

No. 81–63–CIV–4.

United States District Court, E. D. North Carolina, New Bern Division.

Sept. 30, 1981.

Henry W. Jones, Jr., Law Offices of John R. Jordan, Jr., Raleigh, N. C., for plaintiffs.

James Wallace, Jr., Deputy Atty. Gen. for Legal Affairs, N. C. Dept. of Justice, Raleigh, N. C., for defendant Rufus L. Edmisten.

Fred M. Carmichael of Sumrell, Sugg & Carmichael, New Bern, N. C., for defendant Craven County Bd. of Elections.

A. D. Ward of Ward, Ward, Willey & Ward, New Bern, N. C., for City of New Bern.

LARKINS, Senior District Judge:

THIS MATTER comes before this Court on plaintiffs' application for a Temporary Restraining Order and Temporary Injunction to stay the city elections to be held in New Bern, North Carolina on October 6, 1981. On September 23, 1981, this Court granted plaintiffs' request for a Temporary Restraining Order effective only until a hearing could be held to determine the merits of plaintiffs' claim for a temporary injunction. A hearing was held on September 28–29, 1981, in the Federal Courthouse in New Bern, North Carolina at 2:30 p. m. on each day.

## COURT PROCEEDINGS

On September 25, 1981, defendant Rufus Edmisten, Attorney General for the State of North Carolina, filed a motion, with supporting memorandum to dismiss this action as to said defendant. Furthermore, in a letter dated September 23, 1981, said defendant asked this Court that he be excused from appearing at the hearing scheduled for September 28, 1981, which request was allowed by this Court pending a final order as to defendant's motion.

At the hearing on September 28, 1981, plaintiffs, represented by Mr. Henry Jones of Raleigh, and defendants, the Craven County Board of Elections, represented by Mr. Fred Carmichael of New Bern, and the City of New Bern, represented by Mr. A. D. Ward, Sr., all appeared before this Court. Mr. Carmichael made a motion pursuant to Rule 19 of the Federal Rules of Civil Procedure to the Court to have defendant, the City of New Bern, joined as a party defendant. The motion was granted orally in

court and assented to by all parties concerned. A written motion allowing the City of New Bern to be joined as a party defendant was signed and filed on September 29, 1981. Mr. Jones presented evidence on behalf of the plaintiffs and Mr. Carmichael and Mr. Ward presented evidence on behalf of defendants. After the presentation of evidence, this Court continued the hearing until Tuesday, September 29, 1981 at 2:30 p. m. to consider additional evidence and arguments to be presented by both parties.

On September 29, 1981 at 2:30 p. m. this Court reconvened to hear additional evidence and arguments from both parties. Numerous candidates for Alderman and Mayor and residents of Pinecrest Subdivision were present and given an opportunity to speak. Several gave their opinion concerning the delaying of the October 6 election. Counsel for plaintiffs rendered his final remarks and the hearing was concluded pending a final decision from this Court.

After careful independent review of the pleadings herein, including plaintiffs' complaint and brief in support of a temporary injunction, defendants' answer and all pertinent letters and advisory opinions, IT IS THE OPINION OF THIS COURT THAT THE MOTION TO DISMISS BY DEFENDANT RUFUS EDMISTEN, ATTORNEY GENERAL FOR THE STATE OF NORTH CAROLINA, BE GRANTED AND PLAINTIFFS' CLAIM DISMISSED AS TO SAID DEFENDANT, THAT PLAINTIFFS' APPLICATION FOR A TEMPORARY INJUNCTION BE DENIED AND THAT THIS COURT'S GRANTING OF A TEMPORARY RESTRAINING ORDER ON SEPTEMBER 23, 1981 BE DISSOLVED EFFECTIVE UPON THE SIGNING OF THIS ORDER.

## STATEMENT OF FACTS

The plaintiffs are citizens and residents of the City of New Bern, North Carolina and are homeowners residing in Pinecrest Subdivision (hereinafter "Pinecrest"). On November 28, 1979, the City of New Bern, under the authority granted by N.C.Gen. Stat. § 160A, extended the corporate limits of the city by annexing Pinecrest. The ordinance extending the corporate limits was to become effective on December 1, 1979, at which time the annexed area was to become a part of the City of New Bern. In addition, on February 12, 1980, the City of New Bern adopted an ordinance annexing to the City property known as Landura Corporation. Said ordinance was to take effect on the passage date.

Subsequent to the annexation ordinances, the City of New Bern filed an initial Submission with the United States Justice Department in Washington, D.C. on February 20, 1980, seeking approval of the city's annexation actions pursuant to 42 U.S.C. § 1973c. The submission process was completed on July 30, 1980.

On September 29, 1980, the United States Justice Department objected to the two annexations on the basis that the inclusion of voters in the annexed areas would change the ratio of black and white voters in the city limits, therefore diluting minority voting strength in municipal elections. The Justice Department recommended to Mr. A. D. Ward, Sr., attorney for the City of New Bern, that the City adopt a single-member district plan or remove the majority-vote and residency requirements. To date, the City has adopted neither recommendation. The Justice Department concluded that until their objection was withdrawn or a judgment from the District of Columbia Court allowing the annexations was obtained, the annexations were legally unenforceable.

On October 16, 1980, Mr. Ward sent a letter to the Justice Department acknowledging the objections filed by the Justice Department against the annexations of Pinecrest and Landura Corporation by the City of New Bern. Mr. Ward requested that the Justice Department reconsider their objections. A return letter by the Justice Department on November 25, 1980 to Mr. Ward, rendered notice that a reconsideration would begin when information was received to support the request.

On June 26, 1981, the City of New Bern again requested the Justice Department to reconsider its objections after all appropri-

ate information had been filed with that office. On September 4, 1981, William Bradford Raynold, Assistant Attorney General in the Civil Rights division of the Justice Department, declined to withdraw its objection to the annexations as adopted.

On that same date, plaintiff, Donald W. McDowell, a resident of Pinecrest, attempted to file his Candidacy for Mayor at the Craven County Board of Elections. However, he was denied the opportunity to file for Mayor because he resided in one of the contested annexation areas. He was also informed that he and all residents in the annexed areas would be denied the opportunity to vote in the upcoming elections for Alderman and Mayor. Subsequently, on September 18, 1981, McDowell filed suit in the United States District Court for the Eastern District of North Carolina seeking injunctive relief and requesting that the October 6, 1981 city election be stayed until the dispute between the Justice Department and the City of New Bern over the annexed areas is resolved.

Municipal elections in the City of New Bern are scheduled to take place on October 6, 1981, with any necessary run-offs to be held on November 3, 1981. The election will consist of a slate of candidates who filed for five Alderman offices and the office of Mayor. Candidates run from wards and are voted on city-wide. Only residents of the City of New Bern may vote.

Since 1979, when Pinecrest and Landura Corporation were annexed, the residents of both areas have received electric power, water service, garbage service, city street lights, police and fire protection and sewer service all from the City of New Bern. More importantly, said residents, including plaintiffs, have paid property taxes to the City in return for such services.

## CONCLUSIONS OF LAW

A. *Motion to dismiss by defendant Rufus Edmisten, Attorney General for the State of North Carolina.*

■ Plaintiffs brought suit against defendant Rufus Edmisten, Attorney General for the State of North Carolina. On September 25, 1981, said defendant requested that plaintiffs' claim as to him be dismissed. This Court agrees that defendant should not be a party to this action and, therefore, dismisses plaintiffs' claim as to him.

Under the provisions of N.C.Gen.Stat. § 163, the Attorney General has no responsibility for calling or supervising any election; nor does the Attorney General possess any authority to stay any municipal election. Nowhere in plaintiffs' complaint is there an allegation that the Attorney General has or intends to deprive plaintiffs of their rights under the Constitution of the United States. Furthermore, no allegation of plaintiffs' complaint deals with or directs itself in any way to any significant activity on the part of the Attorney General.

In addition, the City of New Bern and the United States Department of Justice are currently engaged in a dispute over the annexation of two subdivisions in New Bern. The Attorney General of North Carolina is in no way involved in that dispute and has no legal obligation or authority to become involved. The dispute is solely between the City of New Bern and the United States Department of Justice. Therefore, since defendant Attorney General of North Carolina has no interest in this action, it is therefore ORDERED that his motion to dismiss be granted and plaintiffs' claim as to said defendant be dismissed.

B. *Temporary Injunction.*

Plaintiffs are residents of an annexed area by the City of New Bern known as Pinecrest and have paid property taxes and received services from the City for almost two years. However, since the U.S. Justice Department objected to such annexation subsequent to the ordinances, the Craven County Board of Elections have prohibited the residents of said area from voting or filing for office. Plaintiffs claim that such action deprives them of their fundamental rights to vote and to run for elected office as secured by the Constitution and laws of the United States of America. Further, that these deprivations of rights are pro-

scribed by 42 U.S.C. § 1983. This Court disagrees.

### 1. *Authority to grant injunction.*

■ A federal district court has the power to grant injunctive relief where there has been a deprivation of civil rights protected under 42 U.S.C. § 1983. *Sewell v. Pegelow*, 291 F.2d 196 (4th Cir. 1961). Specifically, a United States District Court has the power to enjoin the holding of a municipal election. *Hamer v. Campbell*, 358 F.2d 215 (5th Cir. 1966). However, for a preliminary injunction to be granted, plaintiffs must demonstrate a likelihood of immediate, irreparable harm flowing from defendant's proposed conduct. *Einhorn v. Maus*, 300 F.Supp. 1169 (E.D.Pa.1969). Moreover, a federal court should not issue an injunction unless there is both irreparable injury and a lack of an adequate remedy at law. *International Association of Firefighters, Local 2069 v. City of Sylacauga*, 436 F.Supp. 482 (N.D.Ala.1977).

In the present case, for this Court to grant injunctive relief, plaintiffs must prove that the scheduling of the City Election on October 6, 1981 would cause them immediate and irreparable harm. Plaintiffs, however, have provided this Court with sufficient documentation that they do not have an adequate remedy at law since they have been deprived of the opportunity to vote in the City elections. The plaintiffs claim, and this Court agrees, that their only adequate remedy, if mandated, would be equitable through issuance of a temporary and/or preliminary injunction.

### 2. *Fundamental Rights and Compelling State Interests.*

■ In cases of state action involving suspect classifications and fundamental rights, judicial review under the Equal Protection Clause of the Fourteenth Amendment requires active and critical analysis. If a state action impinges upon fundamental freedoms protected by the Constitution, the classification must, under the Equal Protection Clause, be not merely rationally related to a valid public purpose, but neces-

sary to the achievement of a compelling state interest. *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1972). The abridgment of a fundamental right must be the result of a compelling state interest. If not, such abridgment is unconstitutional.

■ Fundamental interests that must be protected by the stricter standards of review classifications include the right to vote, *Hill v. Stone*, 421 U.S. 289, 95 S.Ct. 1637, 44 L.Ed.2d 172 (1975), and the right of access to the electoral process. *Williams v. Rhodes*, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968). This Court recognizes that plaintiffs' rights in the present case are fundamental and, therefore, the actions by the City of New Bern and the Craven County Board of Elections are subject to "strict scrutiny" by this Court. Such abridgment of constitutional rights must be prevented unless a "compelling state interest" can be shown.

■ It is the opinion of this Court that by applying the "strict scrutiny" test, plaintiffs' rights to vote and file for public office have been temporarily abridged, but a compelling state interest exists justifying such action. The record reveals that the plaintiffs have been temporarily denied their right to vote and file for public office in the upcoming October 6, 1981 elections for Alderman and Mayor in the City of New Bern. Such denial was justified by the Craven County Board of Elections since there exists a dispute between the U.S. Justice Department and the City of New Bern concerning the annexation of those subdivisions of which plaintiffs are residents. The Justice Department objected to the annexation of those areas because the inclusion of the overwhelmingly number of white residents with said areas would decrease the percentage of minorities in the City and, therefore, dilute minority voting strength.

The Court feels sympathetic toward the residents of Pinecrest and Landura Corporation, but feels that a compelling state interest exists to hold the election as sched-

uled. Numerous candidates have filed and invested time and money campaigning for their respective offices based upon issues current today. A delay in the election would result in a deprivation of rights of these office seekers to campaign upon issues they expected to be current as of October 6, 1981.

The record and in-court testimony also reveal that if an injunction were granted, a new election could not be held until June, 1982, at the earliest. Therefore, the present officials, if an injunction were granted, would be allowed to remain in office beyond the term upon which they were elected. The City of New Bern last held elections for Alderman and Mayor in 1979. The officials elected were to serve only two (2) years, and could run for re-election in 1981.

Responsible government dictates that elected officials be sensitive to current issues. Accountability is the basis upon which responsible leaders are elected to public office. The two year terms of Alderman and Mayor were established to keep elected officials of the City of New Bern accountable to their constituents. If the election is delayed, the present officials may serve in their present capacity for up to two more years without being elected. This procedure provides a potential for an abuse of power and would make the present serving officials less accountable to the electorate. Not only would such action result in less accountability, it would also result in ineffective government since the "hold-over officials" would be unsure as to their authority to act on behalf of their constituents until a new election is held. Therefore, a compelling state interest exists to hold the City of New Bern election as scheduled on October 6, 1981, to prevent less accountability and ineffective operation of city government. It is the opinion of this Court that the election must proceed as scheduled by statute as specified in G.S. 163–279 and 163–290(b).

Since fundamental rights are involved in this action, if there exists a "less drastic means" to accomplish the present procedure, that "means" must be utilized. *Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972). This Court is of the opinion that the less drastic means would be to hold the New Bern election as scheduled and strongly urge the Justice Department and the City of New Bern to resolve their differences before the next election. This Court feels that a delay in the election until such dispute is resolved is a procedure which would result in more potential problems.

### 3. *Irreparable injury.*

■ This Court may only grant injunctive relief under 42 U.S.C. § 1983, if plaintiffs demonstrate a likelihood of immediate, irreparable harm flowing from defendant's proposed conduct. *Einhorn v. Maus, supra.* Plaintiffs have illustrated that they have been prevented from registering to vote or file for public office for the October 6, 1981 election even though they have paid city property taxes for the past two years. However, plaintiffs have never voted previously in a New Bern City election.

Although this Court is sensitive to plaintiffs position, it cannot say that their injury is irreparable. They have not voted previously and they are not prohibited from voting permanently. They are only temporarily restrained from voting in the present election until the dispute between the U.S. Justice Department and the City of New Bern is resolved.

Elections may be permitted as scheduled pending the resolution of a suit between the Justice Department and a municipality. Under Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c,

> whenever a state or political subdivision covered by the Voting Rights Act enacts or seeks to administer any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force on November 1, 1964, that state or political subdivision must submit that proposed change to the United States Department of Justice for its decision on whether the proposed change will have the effect of

422

denying or abridging the right to vote on account of race or color.

Under the Voting Rights Act, no change which has been, or should be, submitted to the Department of Justice for pre-clearance *shall have any effect on any election concerned until the Attorney General approves said election change or until the matter is resolved otherwise.* Georgia v. United States, 411 U.S. 526, 93 S.Ct. 1702, 36 L.Ed.2d 472 (1973).

In the present case, the City of New Bern filed their annexation plans with the Justice Department pursuant to pertinent regulations. Subsequently, after plaintiffs became citizens and residents of the City of New Bern, the U.S. Justice Department objected to the annexation plans. Although the dispute over the annexation plans still exist, under *Georgia v. United States, supra,* the election as scheduled on October 6, 1981, should not be affected by such dispute. Thus, the holding of the election as scheduled is justified under 42 U.S.C. § 1973c and *Georgia v. United States, supra,* and therefore, plaintiffs' injury is not deemed irreparable.

### CONCLUSION

Based upon the foregoing findings of fact and conclusions of law, IT IS HEREBY ORDERED THAT THE MOTION TO DISMISS BY DEFENDANT RUFUS EDMISTEN, ATTORNEY GENERAL FOR THE STATE OF NORTH CAROLINA, BE GRANTED AND PLAINTIFFS' CLAIM AS TO SAID DEFENDANT BE DISMISSED, THAT PLAINTIFFS' APPLICATION FOR A TEMPORARY AND PRELIMINARY INJUNCTION BE DENIED AND THAT THIS COURT'S GRANTING OF A TEMPORARY RESTRAINING ORDER ON SEPTEMBER 23, 1981 BE DISSOLVED EFFECTIVE UPON THE SIGNING OF THIS ORDER.