PHILIP F. APPLE, NANCY A. OAKES *v.* FLOYD L. APPLE; FLOYD L. APPLE AS EXECUTOR OF THE ESTATE OF MARY ROSE APPLE (SIMMONS) ; GREENFIELD BANKING COMPANY AS TRUSTEE OF THE TRUST CREATED BY THE LAST WILL AND TESTAMENT OF MARY EDNA ADDISON, (DECEASED), AND AS SUCCESSOR OF HARLEY R. SPURRY, FORMERLY TRUSTEE THEREOF; JEANETTE GALE APPLE, A MINOR, DAUGHTER OF PHILIP R. APPLE; AND ALL AFTER BORN CHILDREN OF PHILIP F. APPLE QUALIFYING AS THE DESCENDANTS OF MARY ROSE APPLE (SIMMONS) UNDER THE WILL OF MARY EDNA ADDISON; JANELL LYNN OAKES AND CYNTHIA ANN OAKES, MINORS, DAUGHTERS OF NANCY A. OAKES; AND ALL AFTER BORN CHILDREN OF NANCY A. OAKES QUALIFYING AS THE DESCENDANTS OF MARY ROSE APPLE (SIMMONS) UNDER THE WILL OF MARY EDNA ADDISON.

[No. 172A50. Filed October 1, 1973. Rehearing denied November 7, 1973. Transfer denied February 26, 1974.]

*Marvin E. Clanin,* of Anderson, *Thaddeus R. Spurgeon,* of Oaklandon, for appellants.

*William D. Hall,* of Indianapolis, for appellee Floyd L. Apple, individually and as Executor of the Estate of Mary Rose Apple, Deceased.

LOWDERMILK, J.—This action was commenced by appellants, plaintiffs in error below, who were heirs at law of Mary Rose Apple, nee Simmons (Mary Rose). They qualified as her descendants under Item Eighth of the Last Will and Testament of Mary Rose's grandmother, Mary Edna Addison, deceased. The appellee, Floyd L. Apple (Floyd) was the surviving spouse of Mary Rose and Executor of her estate.

The Hancock Circuit Court, Honorable George B. Davis, Judge, entered a judgment (original) in an action to construe the will of Mary Edna Addison, deceased, determining the respective interests of the litigants therein.

The indicated purpose of the complaint to construe the will was to determine if Mary Rose had a right, as the life tenant under the will of Mary Edna Addison, deceased, to execute an oil and gas lease and a landlord-tenant lease on certain real estate devised under said will.

In the action to construe said will, all of the parties were represented by William D. Hall, attorney, of Indianapolis.

The judgment in the will contest was handed down on January 28, 1964, and on January 20, 1969, Philip F. Apple (Philip) and Nancy A. Oakes (Nancy), children of Floyd and Mary Rose, filed their petition for writ of error *coram nobis*, alleging, *inter alia*, that prior to the entry of said judgment construing the will certain things had not been presented to the court, had been concealed from the court and which, if before the court, would have prevented the rendition and entry of said judgment and that by reason of the fraud of attorney William D. Hall, who had been attorney for all the plaintiffs prior to the entry of said judgment, the appellants had been prevented from receiving a fair trial.

Trial on the merits of the petition for writ of error *coram nobis* was commenced on November 3, 1971, and concluded on November 18, 1971, before the Honorable Harold G. Barger, Special Judge of the Hancock Circuit Court.

On January 4, 1972, the court entered judgment against the appellants on their petition for writ of error *coram nobis*.

The original action was commenced under the former Rules of the Supreme Court and by order of the special judge, who ruled on the *coram nobis* petition after the effective date of the present Rules of the Supreme Court, the cause was continued under Supreme Court Rules in full force and effect prior to January 1, 1970.

Appellants timely filed their assignment of errors (under the old Rules) which was overruled by the court and praecipe for the record for appeal was filed on January 27, 1972.

This court held, in a Per Curiam opinion handed down July 24, 1973, on a motion to dismiss or in the alternative to affirm the judgment of the trial court in the original action, that in this case a petition for civil writ of *coram nobis* might be proper under the old Supreme Court Rules. (Said opinion may be found in 299 N.E.2d 239.)

Appellants contend that the judgment in the suit to construe the will was obtained by fraud perpetrated on them and the court. It is on this that the petition for writ of error *coram nobis* (*coram nobis*) was filed and fraud was the primary question presented in the hearing on the *coram nobis* to Special Judge Barger.

It must be understood that the original action to construe the will was determined by Judge George B. Davis and no appeal was taken therefrom. The action presently before this court is solely to review the judgment rendered by Special Judge Barger in the *coram nobis* action, which judgment is in the words and figures as follows, to-wit:

"And Harold G. Barger as Special Judge herein being now sufficiently advised in the premises now enters finding and judgment for the defendants in error Floyd L. Apple and Floyd L. Apple as Executor of the Estate of Mary Rose Apple (Simmons) and Special Judge now enters finding and judgment against the plaintiffs in error and each of

them, that the plaintiffs in error and each of them take nothing on their petition for writ of error coram nobis, that the same is now denied, new trial denied, costs against the Plaintiffs in error and each of them."

Appellants contend that attorney William D. Hall unethically represented both sides in the will construction action; failed to properly present legal arguments in favor of Philip and Nancy; did not inform Philip and Nancy that the case would be viewed by Judge Davis as an agreed case; and perpetrated a fraud on the court by presenting the cause to Judge Davis as an agreed and settled case.

Appellants further contend that the withholding of these facts from Judge Davis and Philip and Nancy constituted fraud on the court as a matter of law.

This court will look only to the evidence most favorable to the appellees and all reasonable inferences therefrom to determine if there is substantial evidence to sustain the decision of the trial court. *Chicago, Indianapolis & Louisville R. Co.* v. *Carter* (1971), 149 Ind. App. 649, 274 N.E.2d 537. The evidence most favorable to the appellees discloses that, while the original complaint named Philip and Nancy as defendants, the amended complaint named Philip, Nancy, Mary Rose and Floyd as co-plaintiffs. Trial was had before Judge Davis on the amended complaint. Further, evidence discloses that attorney Hall suggested to Philip and Nancy that they should obtain their own counsel but, after expressing a distrust for local attorneys in general, Philip and Nancy continued to have attorney Hall represent their interests. Philip and Nancy expressed their confidence in Judge Davis and said he was honest and would give them a fair trial and at trial of the original action testified to their desire for the court to construe the will and determine their interests in the estate.

Judge Davis testified in *coram nobis* that he had little or no recollection of the will construction suit. He mentioned

that he *thought* it was a settled and agreed case. This court cannot give credence to appellants' contention that the judgment in the original action was that of attorney Hall and not of the trial court. The evidence is in dispute as to who prepared the special findings of fact and conclusions of law determining the descendants and heirship of Mary Edna Addison, deceased. This dispute is determined by the order book record of the Hancock Circuit Court, containing the findings of fact, conclusions of law and the judgment rendered thereon, and is the record of Judge George B. Davis, who heard evidence at the trial, as the court speaks by and through its record and his signature is affixed thereto.

Judge Barger, in the *coram nobis* trial, heard the evidence, viewed the exhibits, and observed the witnesses. The court found no fraud and entered finding and judgment against appellants. Thus, appellants are appealing a negative judgment.

Appellants have attempted to convince this court that the actions of attorney Hall amounted, in law, to a fraud on the court in the original action. However, *coram nobis* is based on error of fact and does not lie to correct errors of law.[1] Thus, the court below, when it found against appellants, in effect, held that no fraud in fact had been perpetrated at the original trial. An appeal from a negative judgment based on insufficient evidence presents no question to this court. *Brennan* v. *Reydell* (1962), 134 Ind. App. 298, 187 N.E.2d 492; *Phar-Crest Land Corporation* v. *Therber* (1969), 251 Ind. 674, 244 N.E.2d 644; *Harris* v. *Second National Bank of Hamilton, Ohio* (1970), 146 Ind. App. 468, 256 N.E.2d 594. The evidence is conflicting and it is our opinion that there is sufficient evidence to sustain the court **below.**

Since *coram nobis* is not directed to a review of the judg-

---

1. See opinion in Motion to Dismiss, this cause, 299 N.E.2d 239.

ment on the merits, this court cannot and will not discuss the merits of the will construction suit and resultant judgment. Said judgment remains in full force and effect and is binding on the parties thereto.

Appellants next contend that their petition for writ of error *coram nobis* was filed without undue delay. This issue is rendered moot by our decision on the motion to dismiss, *supra*.

The next issue raised by appellants in their brief is whether a person not a party to this action would be injured by the recall, setting aside and vacating of the original judgment. This issue is rendered moot by this decision, since, as stated above, the original judgment remains in full force and effect.

Appellants further contend that they were deprived of their property without due process of law by reason of the fraudulent procurement of the original judgment. We have determined herein that Judge Barger found no fraud. Thus, appellants' due process argument is without merit and presents nothing for this court to review.

Appellants' first specification in their assignment of errors is that the finding of the court in denying appellants' petition for writ of error *coram nobis* is contrary to law.

The evidence in the *coram nobis* proceeding is conflicting and must be determined by the trier of the facts. The test is whether reasonable men might consider the evidence adduced at the trial which is in conflict and would reasonably be expected to come but to one conclusion which would be opposite the conclusion reached by the court before the same can be said to be contrary to law. It is our opinion that reasonable men would differ and could not all come to the same conclusion under that evidence and the finding of the trial court is not contrary to law. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 529, 104 N.E.2d 669 sets out the guidelines to determine whether a decision is contrary to law and states:

"To determine this question we will consider only the evidence most favorable to appellee, together with any reasonable inferences which may be drawn therefrom.

\* \* \*

It is only where the evidence is without conflict and can lead but to one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

Specification 2 of the assignment of errors is as follows, to-wit: The court erred in overruling appellants' petition to withdraw appearance of attorney. (sic. Hall.)

It is appellants' contention that Hall was guilty of unethical practices in acting as an attorney in *coram nobis*. It must be remembered that the *coram nobis* petition flatly charged Hall with fraud and unethical practices.

The record discloses that in the original action Judge Davis permitted attorney Hall to represent Philip and Nancy, Mary Rose and Floyd.

In the *coram nobis* proceeding a petition was filed by Philip and Nancy to require withdrawal of William D. Hall as attorney, for Floyd personally and as Executor of the estate of Mary Rose, who had died since the construction of the will of her grandmother. This petition was denied by Judge Barger.

The matter rested solely within the discretion of the trial judge at that point and this court fails to find any abuse of discretion on the part of the trial judge in overruling said petition.

The third assignment of error is that the court overruled appellants' consolidated motions to amended answer of defendants-appellees, Floyd L. Apple individually and as Executor of the estate of Mary Rose Apple.

The motions complained of are: Consolidated motion to strike parts and to make more definite and certain Paragraphs

II and III of the amended answer; motion to make Paragraph III of amended answer more definite and specific; consolidated motion directed to Paragraph IV of amended answer to plead facts to sustain conclusions alleged and to strike rhetorical paragraphs 2, 3, and 4 of said Paragraph IV for the reason they are argumentative.

We shall group the above specifications of claimed error and treat them together.

On *Motion to Strike,* Wiltrout's Indiana Practice, Vol. 1, § 515 states:

"The court has broad discretion in determining what matters should or should not be stricken."

In *Oliver* v. *Coffman* (1942), 112 Ind. App. 507, 515, 45 N.E.2d 351, the late Judge Bedwell of this court stated:

"Error on appeal cannot be predicated upon the action of a trial court in overruling a motion to strike out a part or all of a pleading. [Cases cited omitted.]"

We therefore hold there was no prejudicial error in the trial court's overruling appellants' motions to strike.

On motion to make more specific statements the appellants did in at least one specification request that facts be pleaded which, in our opinion, requested the pleading of evidence, which is not proper.

In another instance they requested pleading of matters which were particularly within the judicial knowledge of the trial court. This case had been tried on its merits (construction of the will) in the same court where the *coram nobis* petition was filed and later tried. The court certainly took judicial notice of its own record and there was nothing to be gained by sustaining the motion to make more specific and there was no error in the ruling.

In *Patton* v. *State Bank of Hardinsburg* (1938), 105 Ind. App. 381, 15 N.E. 106, where the parties to an action had

full and complete knowledge as to the matter at issue, the court said there was no reversible error in overruling a motion to make more specific. The court further held:

". . . Unless substantial rights of the moving party have been denied them by the said ruling it will not be disturbed. . . ."

Wiltrout's Indiana Practice, Vol. 1, p. 513, § 527, discusses the motion to make more specific and states:

"While the overruling of a motion to make more specific is not wholly within the discretion of the trial court, it is nevertheless so far discretionary that a reversal would not follow except in a case where the complaining party affirmatively shows that the ruling was prejudicial and that substantial injury resulted therefrom. . . ."

We learn from the record much of the information requested by the motion was equally well known to all parties, sufficient allegations of facts had been alleged to inform appellants with what they had to meet. Further, the case was submitted to a judge without a jury and the judge would not be prejudiced by the pleadings.

We find from a careful review of the pleadings and the record that there was no abuse of discretion and are of the opinion that there was no error on the court's ruling on all of the above pleadings.

Appellants contend that the court erred in overruling their objections to questions propounded to two witnesses called on behalf of the appellants. These witnesses were cross examined by appellees' attorney, Mr. Hall, and the objections were that the questions propounded were outside the scope of direct examination of the witnesses and pertained to matters alleged in appellees' affirmative paragraphs of amended answer to the petition for writ of error *coram nobis*.

We have reviewed the separate and several questions, objections thereto, the court's rulings, and the answers of the witnesses to the diverse questions referred to in the transcript. The trial judge was ultra liberal in his permitting introduction

of evidence, which was, no doubt, so that he could get all the facts in order that he could better determine the truth. This pattern the trial court followed in passing on questions objected to and complained of as set out in specification four of the assignment of errors, as well as generally throughout the trial.[2]

There was no jury to be prejudiced by admission of evidence presented to them by the procedure used. This, together with the fact that there were ten days of actual trial and the further fact that the trial judge has complete control of the scope, extent, method and manner of cross examination as well as direct examination of all witnesses and all of which lies in his sound discretion, leads us to the inescapable conclusion there was no error committed in the admission of the evidence complained of. 30 I.L.E., *Witnesses*, § 81, p. 81; *Sowders* v. *Murray* (1972), 151 Ind. App. 518, 280 N.E.2d 630.

This court well knows that trial courts move their trials along as expeditiously as possible, as was done in the instant case, and time was saved by the procedure used. We are of the opinion there was no error in permitting the two witnesses to answer the questions as was permitted by the trial court.

Finding no error in the record the judgment of the trial court is in all things affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 301 N.E.2d 534.

2. This appeal comes to us with a transcript in eight bound volumes totalling 3,095 pages; appellants' brief in two parts consisting of 446 pages; appellees' brief of 201 pages, and appellants' reply brief of 70 pages, with briefs containing, in all, 717 pages.