LOCAL 995, INTERNATIONAL ASSOCI-
ATION OF FIREFIGHTERS, et
al., Plaintiffs,

v.

The CITY OF RICHMOND et
al., Defendants.

Civ. A. No. 75–0341–R.

United States District Court,
E. D. Virginia,
Richmond Division.

June 22, 1976.

W. H. C. Venable, Venable & McCarthy, David Martin, Richmond, Va., for plaintiffs.

Conrad B. Mattox, Jr., Asst. City Atty., James R. Saul, Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

The City of Richmond refuses to withhold from the pay checks of its firefighters dues for their union, Local 995, International Association of Firefighters. Plaintiffs, Local 995 and selected members and officers, allege that such a policy violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Freedom of Association Clause of the First Amendment. The claim is

brought under Title 42, U.S.C. § 1983, and jurisdiction attaches pursuant to Title 28 U.S.C. § 1343.

■ The plaintiffs' claims based on a violation of the Equal Protection Clause have been recently rejected by the Supreme Court of the United States in a very similar case, *City of Charlotte et al. v. Local 660, International Association of Firefighters et al.,* —— U.S. ——, 96 S.Ct. 2036, 48 L.Ed.2d 636 (June 7, 1976), and, accordingly, must be dismissed in the instant case.

Plaintiffs also contend that the City's refusal to withhold union dues from the pay checks of union members invades their First Amendment right to freedom of association. While union membership and activity are functions that are protected by the First Amendment, *e. g., United Transportation Union v. State Bar of Michigan,* 401 U.S. 576, 91 S.Ct. 1076, 28 L.Ed.2d 339 (1971), this Court concludes that the City is not infringing upon the plaintiffs' right to freely associate.

■ It was contended at trial that if the City refused to withhold from the wages of firefighters union dues and refused to transfer those funds to the union treasury, the union would be unable to build and retain an adequate funding base to pursue its operations. Plaintiffs' position was that without a secure fund, the Local would not be able to obtain group life and health insurance for its members nor retain the services of professionals, such as lawyers, on a continuing and sustained basis. The argument hinges on the assumption that the only effective way to provide a funding base is through City "check-offs." It is readily apparent that other alternatives are available. Voluntary solicitations have sustained some of the most powerful organizations in the country. Our respective political parties are prime examples. Failure of the City to provide "check-offs" does not in this Court's view significantly impair the union's ability to organize and provide services for its members.

■ Furthermore, while the First Amendment protects the right of American citizens to freely associate, it was never intended to provide an affirmative weapon in forcing the state to aid union organizational activities. While a state may be prohibited from penalizing or restricting union activities, the First Amendment imposes no duty on the state to provide services or engage in policies that will affirmatively assist a union to carry out its function and purpose. It follows, therefore, that even if it can be said that the City's refusal to provide check-offs effects the union's ability to organize, no constitutional rights of the plaintiffs are being infringed. *Cf. Pell v. Procunier,* 417 U.S. 817, 834, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974); *Zemel v. Rusk,* 381 U.S. 1, 16–17, 85 S.Ct. 1271, 14 L.Ed.2d 179 (1965).

An appropriate order will issue.