IN THE MATTER OF THE ESTATE OF: MARY ROSE APPLE, DECEASED, FLOYD L. APPLE, EXECUTOR. PHILIP F. APPLE *v.* FLOYD L. APPLE, EXECUTOR OF THE ESTATE OF MARY ROSE APPLE, DECEASED

[No. 1-1276A259. Filed June 8, 1978. Rehearing denied August 3, 1978. Transfer denied November 22, 1978.]

*Marvin E. Clanin* of Anderson, and *Thaddeus R. Spurgeon* of Pendleton, for appellant.

*William D. Hall* of Indianapolis, for appellee.

LYBROOK, P.J.— This is an appeal by appellant-petitioner Philip F. Apple (Philip) from a denial of his motion to correct errors. Philip had objected to certain inventories filed by and partial distributions made by his father, respondent-appellee Floyd L. Apple (Floyd), as executor of the Estate of Mary Rose Apple (Mary Rose), deceased.

We affirm.

Philip has raised three issues in his motion to correct errors:

(1) Whether the findings of fact and decision of the trial court are supported by sufficient evidence or are contrary to the evidence.

(2) Whether the decision is contrary to law.

(3) Whether the findings of fact made by the trial court are deficient under Trial Rule 52.

## BACKGROUND INFORMATION

Mary Edna Addison died testate in 1926. By will, she devised the bulk of her estate in fee simple to a trustee with certain instructions for its disposition. First, the trustee was to pay the income from the trust property to Mary Edna's granddaughter, Mary Rose, until she reached the age of twenty-five. When Mary Rose reached age twenty-five, he was instructed to convey to Mary Rose a life estate in the trust property. Upon Mary Rose's death, leaving descendants surviving her, the trustee was to convey all trust property to the descendants of Mary Rose liv-

ing at her death in fee simple and per stirpes. (Other provisions of the will, not relevant to this case, will not be mentioned).

Mary Rose survived her grandmother and received a life estate in the trust property upon reaching the age of twenty-five years. Mary Rose married Floyd and was blessed with three children: Edwin, Philip (the appellant in this case), and Nancy. Edwin, who was the first born child, died at age five. Philip and Nancy, however, both survived their mother.

Mary Rose died testate in 1967 and willed all her property to her husband Floyd, who was also made executor of the estate. It is at this point that the present controversy begins, for Philip now claims that Floyd, as executor, is including in the estate of Mary Rose, and attempting to distribute to himself as sole diverse under her will, an interest in the trust property that Mary Rose never owned, and which, under the will of Mary Edna, should pass to Philip and Nancy.

### PRIOR PROCEEDINGS

In 1963, before the death of Mary Rose, a gas company raised the possibility that there could be oil or gas deposits below a portion of the trust property. As would be expected, the gas company refused to execute a lease for exploration and production until a determination of the actual ownership of the property was made.

On December 21, 1963, an amended complaint to construe the will of Mary Edna Addison was filed in the Hancock Circuit Court, Cause No. 31737. The plaintiffs named in this amended complaint were Mary Rose, Floyd, Philip and Nancy. In essence, the amended complaint requested a determination by the trial court of the respective ownership interests in the trust property devised by ITEM EIGHTH of the will of Mary Edna Addison (the property that is the basis of the controversy in this case). The following excerpts from rhetorical paragraph 25 of the amended complaint are illustrative of the relief requested:

"(25) That because of the foregoing, certain doubts have arisen and uncertainty exists as to the rights of the parties under said will and as to the true intent and meaning of ITEM EIGHTH of said will with respect to the following matters:

* * *

(b) *What was meant by limitation over to the descendent or descendants of Mary Rose Apple (Simmons) living at the time of her said decease in fee simple and per stirpes?*

(c) When does the remainder vest?

(d) What interest did the child, Edwin, acquire when he was born?

(e) What interest did Philip acquire when he was born?

\* \* \*

(g) *After Edwin's death, who inherited his interest and in what proportions?"*

(Emphasis added).

On June 26, 1964, the Hancock Circuit Court rendered a judgment in Cause Number 31737 construing ITEM EIGHTH of Mary Edna's will. No appeal was prosecuted by any of the parties. The following portions of that judgment show that the trial court ruled that Edwin's interest in the property was vested and that upon his death passed to his heirs at law (Mary Rose, Floyd, Philip and Nancy):

"(17)  The plaintiffs, Mary Rose Apple, nee Simmons, and Floyd L. Apple, are husband and wife. They were married on February 18, 1933, and have lived and cohabited together continuously since said time as husband and wife. During said marriage they had three children born to them, the same being Edwin H. Apple, born September 17, 1935; Philip F. Apple, co-plaintiff, born October 3, 1937; and Nancy A. Oakes, co-plaintiff, who was conceived before the death of her brother, Edwin H. Apple, and was born on December 12, 1940. Edwin H. Apple died intestate on July 11, 1940. His one-third vested interest as a remainder was inherited one-fourth each to Philip F. Apple, Nancy A. Oakes, Mary Rose Apple, nee Simmons, and Floyd L. Apple.

(18)  Philip F. Apple, Nancy A. Oakes, Floyd L. Apple and Mary Rose Apple, nee Simmons, are presently all of the vested remaindermen of the estate of Mary Edna Addison. Their respective vested interests are as follows: Philip F. Apple owns five-twelfths; Nancy A. Oakes owns five-twelfths; Floyd L. Apple owns one-twelfth and Mary Rose Apple owns one-twelfth. In the event there shall be afterborn children of Mary Rose Apple, nee Simmons, the vested interests of Philip F. Apple, Nancy A. Oakes, Floyd L. Apple and Mary Rose Apple, nee Simmons, shall be proportionately

reduced to let in said afterborn child or children who shall also own a vested interest in remainder in the real estate described in 7(b), 7(c), 7(e), and possibly 7(d), as set forth in 19, below.

\* \* \*

(21) Upon the death of Philip F. Apple, Nancy A. Oakes, or any other child or children born to Mary Rose Apple, nee Simmons, before her death, and such deceased child shall have left issue surviving, and subject to the life interest and estate of Mary Rose Apple, nee Simmons hereinabove described, such surviving issue shall take the said deceased remainderman's respective share in fee on a per stirpes basis, providing, however, and to the extent, Philip F. Apple, Nancy A. Oakes, or any other child born of Mary Rose Apple, nee Simmons, shall not have, previous to their death, sold, assigned, transferred or otherwise disposed of their respective vested interests.

(22) Upon the death of Floyd L. Apple either before or after the death of Mary Rose Apple, nee Simmons, his vested interest shall pass to his heirs at law under the laws of intestate succession in effect at the time of his death, providing, however, and to the extent, he shall not have, previous to his death, sold, assigned, transferred or otherwise disposed of his respective vested interest.

(23) *Upon the death of Mary Rose Apple, nee Simmons, and providing, however, and to the extent, she shall not have, previous to her death, sold, assigned, transferred or otherwise disposed of her vested interest, then said interest shall pass to her heirs at law under the laws of intestate succession in effect at the time of her death."* (Emphasis added).

Mary Rose died in 1967, and her estate was opened shortly thereafter, with Floyd being the sole beneficiary and executor. Among her assets, he inventoried Mary Rose's one-twelfth interest in the trust property (her one-fourth of Edwin's one-third interest). Philip filed a petition for a Writ of Error Coram Nobis directed to the judgment in Cause Number 31737 claiming fraud in procurement of that judgment. The trial court refused to grant the writ and refused to set aside the judgment. This court then affirmed the trial court. *Apple v. Apple* (1973), 158 Ind.App. 7, 301 N.E.2d 534.

## THE PRESENT PROCEEDINGS

Philip filed objections and amended objections to Floyd's partial in-

ventories of Mary Rose's estate, in which he inventoried as belonging to Mary Rose's estate the one-fourth of Edwin's one-third vested interest (one-twelfth of Mary Edna Addison's trust) and income items from that one-twelfth. Floyd had petitioned for, and had obtained an order permitting him to convey to himself, as sole beneficiary under Mary Rose's will, her one-twelfth vested interest. Philip filed a petition to set aside that order. The trial court overruled Philip's objections and denied his petition, holding the matters in issue (vesting of Edwin's share and inheritance of his share on his death) had already been decided by an earlier judgment of the Hancock Circuit Court which had never been appealed or set aside (Cause No. 31737). Philip now brings this appeal.

## MOTION TO DISMISS OR AFFIRM

On May 24, 1977, Floyd filed a Motion to Dismiss or Affirm with this court. On August 31, 1977, it was ordered that a decision on that Motion was to be held in abeyance pending a consideration of the merits of this cause.

Floyd's Motion is hereby denied. Because of our decision on the merits of this cause, we see no need for further discussion of the motion.

## I.

As to Issues I and II, that the judgment is not supported by sufficient evidence and is contrary to law, Philip has advanced numerous ingenious, creative and persuasive arguments, which, in summary, state that the trial court misunderstood and did not properly interpret the judgment in Cause No. 31737. We feel that his arguments in sections A, B, C and D of his brief may be fairly state and classified as follows:

1. The judgment in Cause No. 31737 is ambiguous and therefore subject to "interpretation" by this court.

2. The vested remainder interests which passed at Edwin's death were subject to divestment upon the death of Mary Rose.

3. The trial court in this case improperly interpreted the term "remainder" in the judgment rendered in Cause No. 31737.

4. Because the trial court in Cause No. 31737 was concerned only with the execution of oil and gas leases, the judgment concerned only the present vested interests of the parties, not their future interests.

5. The interest passed by the will of Mary Edna was actually an executory devise and not a remainder.

6. The trial court's interpretation of Cause No. 31737 does not comport with the intent displayed in Mary Edna's will.

As to the law to be applied in this case, we quote from the recent case of *State v. Dossett* (1977), 174 Ind.App. 501, 368 N.E.2d 259, 262:

"Generally, a party to a judgment may not collaterally attack the final judgment of a court of competent jurisdiction when the record is regular on its face . . . Where a court has jurisdiction of the subject matter and of the person of the defendant, and it renders a judgment not in excess of the jurisdiction or power of the court, no judgment it may render within the issues is void, however erroneous it may be . . . *Koepke v. Hill* (1901), 157 Ind. 172, 60 N.E. 1039. ('These were all questions of law and if the court had jurisdiction to decide them correctly, it likewise had jurisdiction to decide them erroneously,' 157 Ind. at 178, 60 N.E. at 1041); *Smith v. Hess* (1884), 91 Ind. 424."

Furthermore, a prior judgment is conclusive not only as to matters actually litigated, but also as to issues which could have been litigated in the action. This was stated by the Supreme Court in *McIntosh v. Monroe* (1953), 232 Ind. 60, 111 N.E.2d 658, 660, quoting from *Wright v. Anderson* (1889), 117 Ind. 349, 20 N.E. 247:

" 'An adjudication once had between the parties bars and cuts off all future litigation, not only as to what was actually litigated and determined, but as to all matters that might have been litigated and determined in the action. This is the established doctrine of this court from the beginning.' "

While Philip has continually stated that he has accepted as binding the judgment rendered in Cause No. 31737, and that he is merely asking for a different interpretation of that judgment, it is painfully obvious that he is in fact asking this court to render a decision contrary to the clear and unambiguous language of the judgment in Cause No. 31737. That judgment clearly held that Edwin's interest in the trust property vested at his birth and then passed to his heirs in absolute fee simple upon his death. Philip's purported "interpretation" of that judgment would undo its result by wresting from Mary Rose and giving to Philip that one-twelfth interest in the trust property which has

already, under the terms of Cause No. 31737, been absolutely vested in Mary Rose. It does not matter whether Philip takes us through the front door or the back door — we still end up in the same barn.

It is also quite obvious that Philip's arguments regarding the proper interpretation of Cause No. 31737 are implicitly based on the proposition that that judgment was an incorrect construction of ITEM EIGHTH of Mary Edna's will. In fact, Philip's arguments to that effect are most persuasive. However, while the trial court may very well have delivered an erroneous construction of ITEM EIGHTH of that will in the judgment in Cause No. 31737, that is no longer of any moment. The issues as to ownership interests of the trust property were properly before the Hancock Circuit Court. That court had both personal and subject matter jurisdiction. Judgment was entered, no appeal on the merits was taken, and it has been determined that there was no fraud involved in the procurement of that judgment. We have in this appeal an identity of the parties and of the subject matter of the original suit. Philip's arguments are fourteen years too late — he is now bound by the judgment rendered in Cause No. 31737.

Philip next argues that Mary Rose and Floyd are both bound by the doctrine of after acquired title by virtue of an instrument entitled Family Agreement and Partial Settlement that was executed by Mary Rose, Floyd, Philip, Nancy and others in 1963.

This argument is also without merit. Mary Rose and Floyd made no promises or covenants to transfer any interest in the trust property under the above agreement, but merely promised, in paragraphs 5 and 6, to make certain improvements to a portion of the land. Therefore, the doctrine of after acquired title can be applied to neither Mary Rose nor Floyd.

Having decided that the family agreement discussed above has no relevance in this case, we need not consider Philip's argument in Section F of his brief in which he contends that a certain trust agreement did not supplement the family agreement.

In Section G of his brief, Philip argues that paragraphs 22 and 23 of the judgment in Cause No. 31737 were merely *obiter dictum* and should not have been considered by the trial court in this case. This contention

merits little discussion, other than to reiterate that the issues decided by those two paragraphs were properly raised before the proper court that had personal jurisdiction over the proper persons. Philip's arguments constitute a collateral attack on the prior judgment and therefore cannot be considered.

Finally, Philip argues that the finding of the trial court that the judgment in Cause No. 31737 was affirmed is contrary to law and to the evidence. The basis of this contention is that the judgment was not appealed on the merits.

As stated above, Philip made a direct attack on the judgment rendered in Cause No. 31737 by coram nobis proceedings (an avenue of attack now superseded by Trial Rule 60(B)). The trial court denied the writ and was affirmed by this court. *Apple v. Apple, supra.* Whether this is sufficient to support the trial court's finding that the judgment in Cause No. 31737 "was affirmed" is, however, a question we need not consider. Philip has failed to show any prejudice by this finding, for he is bound by the judgment rendered in Cause No. 31737 whether it has been affirmed on appeal or not. Therefore, any error in this regard is harmless.

## II.

Philip lastly argues that the findings of fact and conclusions of law entered by the trial court were insufficient to satisfy the mandate of Ind. Rules of Procedure, Trial Rule 52(A).

The findings and conclusions of the trial court read in pertinent part as follows:

"1.  That this court made findings of fact and conclusions of law as to the matters herein at issue in cause no. 31737 'suit to construe the will'.

2.  That cause No. 31737 was affirmed by the Court of Appeals in *Apple v. Apple* (301 N.E.2d 534) and that the judgment remains in full force and effect.

3.  That the matters herein at issue have been previously determined by this Court."

Under Trial Rule 52, the findings and conclusions of a trial court will be set aside only where they are clearly erroneous. *Hunter v. Hunter*

(1972), 152 Ind. App. 365, 283 N.E.2d 775; *Fisel v. Yoder* (1974), 162 Ind.App. 565, 320 N.E.2d 783. The findings in this case are clear and umambiguous: the issues of this case are controlled by the judgment in Cause No. 31737. As stated above, that conclusion is not clearly erroneous.

Judgment affirmed.

Lowdermilk and Robertson, JJ. Concur.

NOTE—Reported at 376 N.E.2d 1172.