Richard M. LAWRENCE, American Federation of Teachers, Local 3153, Plaintiffs-Appellants,

v.

BALL STATE UNIVERSITY BOARD OF TRUSTEES, Defendant-Appellee.

No. 1–1079–A–279.

Court of Appeals of Indiana, First District.

Feb. 7, 1980.

Gary Lynn Hostetler, Hopper & Opperman, Indianapolis, for plaintiffs-appellants.

Jon H. Moll, DeFur, Voran, Hanley, Radcliff & Reed, Muncie, for defendant-appellee.

ROBERTSON, Presiding Judge.

Richard M. Lawrence, a teacher at Ball State University and president of the American Federation of Teachers, Local 3153, and the American Federation of Teachers (hereinafter collectively referred to as AFT) brought an action against the Board of Trustees of Ball State University (Ball State) to enjoin Ball State from denying a wage deduction privilege to members of the AFT. Ball State filed a motion to dismiss which subsequently was treated as a motion for summary judgment. Likewise, Lawrence and AFT filed a summary judgment motion. The trial court, in ruling on the cross motions, granted the motion in favor of Ball State, and AFT has appealed. We affirm.

At the outset, it is important to reiterate the proper standard of review applicable at the appellate level, when there is an appeal from a decision in which the judge rendered findings of fact and conclusions of law. When reviewing this type of case on appeal, this court will not set aside a judgment unless that judgment is clearly erroneous. Ind. Rules of Procedure, Trial Rule 52; *Matter of Estate of Apple*, (1978) Ind. App., 376 N.E.2d 1172; *Alfaro v. Stauffer Chemical Co.*, (1977) Ind.App., 362 N.E.2d 500.

Initially, AFT argues that Ball State's refusal to accept wage assignments for its members is arbitrary and unreasonable. We opine that this is more properly considered as an equal protection claim, and will be addressed in the sections that follow.

AFT contends that the trial court's decision was erroneous because Ball State's refusal to accept wage deductions from faculty members for the payment of union dues violates the AFT members' constitutional

rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Indiana Constitution Article 1, § 23.[1] This argument is predicated on the premise that Ball State's refusal to accept the wage deductions is arbitrary and unreasonable because no reasonable classification system for determining which wage assignments will be accepted has been formulated and adopted by the university.

■ We note that the rights protected by the Equal Protection Clause of the Fourteenth Amendment and the rights protected by Article 1, § 23 of the Indiana Constitution are identical. *Reilly v. Robertson*, (1977) 266 Ind. 29, 360 N.E.2d 171. Therefore, we will deal with these rights concurrently. There are no Indiana decisions dealing with a situation similar to the case at bar. There is, however, a recent United States Supreme Court decision which is closely analogous and dispositive of the equal protection arguments raised by this appeal. In *City of Charlotte v. Local 660, International Association of Firefighters*, (1976) 426 U.S. 283, 96 S.Ct. 2036, 48 L.Ed.2d 636, the Court held that the city's refusal to accept wage deductions for its employees' union dues was not a violation of the equal protection clause. The Court's decision recognized that the city had a legitimate interest in avoiding the administrative burdens of withholding money in all situations where a deduction was requested. When examining the city's classification scheme, the Court noted that the interests involved did not demand strict scrutiny of the classification scheme, but instead re-

quired only that the scheme meet a relatively relaxed standard of reasonableness in order to satisfy constitutional requirements.

The Court declared that:

[O]ur inquiry is not whether standards might be drawn that would include the union but whether the standards that were drawn were reasonable ones with 'some basis in practical experience'. . . [T]he fact that the standards were drawn and applied in practice rather than pursuant to articulated guidelines is of no import for equal protection purposes.

426 U.S. at 287, 96 S.Ct. at 2039 (citation omitted).

The Court then declared that the city's classification procedure, whereby employees in some departments where treated differently then employees in other departments and whereby wage deductions were denied to associational or special interest groups claiming only some departmental members, was not arbitrary and unreasonable. *See also Local 995, International Association of Firefighters v. City of Richmond*, (E.D.Va. 1976) 415 F.Supp. 325.

■ In the case at bar, Ball State does not have articulated guidelines, but in practice has adopted standards which treat the university's professional personnel differently than the service personnel. These standards deny wage deductions for the professional staff to any voluntary employee organization including AFT and any other labor union. This scheme is based on Ball State's interest in avoiding the burden and inconvenience of administering all requests for wage deductions. It is notewor-

1. Ball State claims that AFT is not a proper party to bring this appeal because an unincorporated association is not a "person" within the meaning of the Equal Protection Clause of the Fourteenth Amendment. The cases defining the word "person" in relation to the Equal Protection Clause are conflicting and few in number. Some courts have held that unincorporated associations are "persons" *International Longshoremen's & Warehousemen's Union v. Ackerman*, (D.Haw.1948) 82 F.Supp. 65 (reversed on other grounds). Other courts, however, have reached a contrary conclusion. *New Jersey State AFL–CIO v. State Federation of District Boards of Education*, (1966) 93 N.J.

Super. 31, 224 A.2d 519. Still other courts have allowed unincorporated associations to raise equal protection arguments in class actions, *or actions styled as class actions by the court. See International Association of Firefighters, etc. v. City of Sylacauga*, (N.D.Ala., E.D.1977) 436 F.Supp. 482. Because the practical effect of this controversy has been to allow unincorporated associations to assert their members' rights under the Equal Protection Clause in some cases, we will reach the merits of this appeal but we will not decide whether an unincorporated association should be included within the definition of "person" as applied to the Fourteenth Amendment.

thy that the only voluntary employee association receiving wage deductions is the American Federation of State, County and Municipal Employees (AFSCME) which is the exclusive representative of the service personnel. Given these facts, we cannot find that denying wage deductions to special interest or associational groups which claim only some professional employees as members, marks an arbitrary line so devoid of reason as to violate either federal or state constitutions. *See City of Charlotte, supra.*

■ AFT next asserts that Ball State's refusal to accept wage deductions for union dues militates against the information and active operation of a labor union. In support of this contention, AFT cites *Ind.Code* 22–6–1–2 which states in effect that the public policy of the State of Indiana is supportive of the formation and development of labor unions. AFT does not, however, provide any citation to case law which would support their contention. The precise question presented by AFT is whether Ball State's refusal to grant a union dues check-off privilege impairs the right to organize and form unions. We believe it does not. In dealing with this issue, it must first be remembered that Ball State has not granted any type of recognition to AFT or any other organization as representative of their professional personnel. The fact that Ball State does provide wage assignments for service staff employees who are members of AFSCME, employee benefit plans, retirement plans, charitable organizations and miscellaneous other deductions, is of no import. The dues check-off privilege is a right which, as will be developed more fully below, is won through the collective bargaining process.

Much of the case law developed in the last decade dealing with a minority union's rights to check-off privileges is based upon the New York Court of Appeals decision in *Bauch v. City of New York,* (1968) 21 N.Y.2d 599, 289 N.Y.S.2d 951, 237 N.E.2d 211, cert. denied 393 U.S. 834, 89 S.Ct. 108, 21 L.Ed.2d 105. The question decided in *Bauch* was whether the city could grant a dues check-off privilege to a majority union, while at the same time, deny that privilege to a minority union. The court, after finding that this distinction did not violate constitutional guarantees of due process and equal protection declared;

> Nothing in the city's labor policy denies members of the petitioner's union the right to meet, to speak, to publish, to proselytize and to collect dues by the means employed by thousands of organizations of all kinds, that do not have the benefit of a dues check-off. Neither the First Amendment nor any other constitutional provision entitles them to the special aid of the city's collection and disbursing facilities.

289 N.Y.S.2d at 956, 237 N.E.2d at 215.

■ There can be no doubt that there is a First Amendment right to form and join union organizations and that this right extends to members of the teaching profession. *McLaughlin v. Tilendis,* (7th Cir. 1968) 398 F.2d 287; *American Federation of State, County and Municipal Employees v. Woodward,* (8th Cir. 1969) 406 F.2d 137. This freedom of association, however, is a First Amendment freedom which may be impaired by state action when the state can show a compelling interest which, when balanced against the substantive right to be protected, outweighs that right. *Local 858 of American Federation of Teachers v. School District No. 1, In County of Denver and State of Colorado,* (D.Colo.1970) 314 F.Supp. 1069. Purely *economic* activities of a group of persons who associate for a common purpose, however, are not protected by the First Amendment. *Connecticut State Federation of Teachers v. Board of Education Members,* (2nd Cir. 1976) 538 F.2d 471 (original emphasis, citation omitted). We reject AFT's claim that the denial of the dues deduction check-off privilege constitutes a violation of First Amendment associational rights. Further, AFT has advised this court of no law which grants a union *an absolute right* to the special aid of an employer's collection and disbursing facilities. *See Connecticut State Federation of Teachers, supra; Bauch v. City of New York, supra.*

In this case, AFT has prayed for an injunction to enjoin Ball State from refusing to honor written authorization for wage deduction privileges. The effect of granting this injunction would be tantamount to mandating Ball State to perform this function. This we are not prepared to do. A dues deduction is a privilege won by a union through the give-and-take of collective bargaining with an employer. *Connecticut State Federation of Teachers, supra.* In *H. K. Porter Co. v. National Labor Relations Board,* (1970) 397 U.S. 99, 90 S.Ct. 821, 25 L.Ed.2d 146, the United States Supreme Court held that the NLRB was without power to compel a company or a union to agree to any substantive contractual provision of a collective bargaining agreement. Consequently, this court is not prepared to grant to an unrecognized union, that which the United States Supreme Court has refused to grant to a union properly recognized as the bargaining agent for a group of employees.

Based on this authority, this court finds AFT's assertion unpersuasive and holds that refusal to grant the wage check-off privilege does not militate against the formation of a union, nor infringe upon the members' First Amendment rights of association.

Lastly, AFT contends that the trial court improperly granted Ball State's motion to dismiss, which, upon agreement of the parties, was treated as a motion for summary judgment. Summary judgment is granted, of course, only when there are no genuine issues as to any material fact. Ind. Rules of Procedure, Trial Rule 56. Additionally, our research has revealed that when a classification procedure is challenged, the determination as to whether or not the procedure is constitutional is a legal issue rather than a factual one. *See Rolle v. Cleland,* (D.R.I.1977) 435 F.Supp. 260. Based upon a review of the record, we find that the trial court properly granted Ball State's motion, as there were no genuine issues of material fact outside those contained in the documents before the court.

Finding no error in the proceedings below, the trial court is in all matters affirmed.

Judgment affirmed.

NEAL, J., and YOUNG, J. (sitting by designation), concur.