**Isaac DAVIS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–583A125.**

Court of Appeals of Indiana, Third District.

Nov. 28, 1983.

---

☞404(4)

Robert B. Leopold, Munster, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Following a jury trial, Isaac Davis was convicted of dealing in cocaine,[1] a class B felony, for selling cocaine to a police officer. Davis appeals, raising two issues:[2]

(1) Whether the trial court erred in allowing the State's expert witness to state his opinion which was based, in part, on tests performed by a chemist who was unavailable to testify at trial; and

(2) Whether the trial court erred in admitting a packet of cocaine into evidence absent evidence precluding any possibility of tampering or contamination.

Affirmed.

## I.

### Expert Testimony

Troy Ballard, a chemist at the Indiana State Police Laboratory, testified that he ran tests which indicated the presence of cocaine in the substance Davis sold to the police officer. He further testified that those tests were not specific for cocaine, so the percentage of cocaine could not be determined from them. Ballard stated that his expert opinion, based on the tests he ran and the results of tests run by Maureen O'Connor,[3] the substance contained cocaine.[4]

---

1. IC 1976, 35–48–4–1 (Burns Code Ed., 1983 Supp.).

2. The issues have been reworded.

3. The sample was not large enough for Ballard to run all of the tests performed by O'Connor.

4. The reports of O'Connor's results were not admitted into evidence.

Davis contends that Ballard's opinion was based on inadmissible hearsay and should have been excluded. We disagree.

■ Ballard testified, as an expert witness, that the two tests he performed on the substance indicated the presence of cocaine. Questions as to the conclusiveness of Ballard's results relate to the weight to· be given to his opinion, not to its admissibility. Moreover, our Supreme Court has approved the admission of expert medical testimony when the expert's opinion was based in part on reports prepared by others and not entered into evidence at trial. *Wickliffe v. State* (1981), Ind., 424 N.E.2d 1007, 1009–10. Ballard was subjected to cross-examination. We also note that, on cross-examination, defense counsel questioned Ballard about the results of one test which O'Connor had performed. Davis cannot assert as error, on appeal, the admission of testimony which he elicted at trial. *Cf. Moore v. State* (1983), Ind.App., 445 N.E.2d 576. The trial court did not err in allowing Ballard to testify as to the presence of cocaine in the sample.

## II.

### Chain of Custody

Davis contends that the packet of cocaine should not have been introduced into evidence because the State failed to establish a sufficient chain of custody. He argues that the failure of Maureen O'Connor to testify renders the chain of custody incomplete.

The State introduced a log which shows that the packet was delivered to the evidence vault by Officer Steven Bailey on October 2, 1981. Chemist Maureen O'Connor checked the packet out on October 5, 1981 for the purpose of examination and returned it on October 7, 1981. Ballard checked out the packet on June 22, 1982 for examination and returned it on June 24, 1982. Evidence clerk Sharon Stahl testified that the packet was sealed each time it was checked in or out. Officer Bailey testified that, after he obtained the substance from Davis, he placed it in a plastic bag which he sealed and initialed. Officer Bailey identi-fied the packet at trial as the one containing the substance he had obtained from Davis.

■ Under the chain of custody doctrine established in *Graham v. State* (1970), 253 Ind. 525, 255 N.E.2d 652, an adequate foundation for the admission of fungible evidence must be laid, establishing the whereabouts of that evidence from the time it came into the possession of the police. This foundation must provide "reasonable assurance" that the exhibit was not substituted or tampered with. *Holt v. State* (1980), 272 Ind. 544, 400 N.E.2d 130. Officer Bailey's identification at trial precludes the allegation of substitution. The evidence indicates that the packet was either in locked storage or in the possession of an individual for the purpose of chemical examination at the time in question. *See Klopfenstein v. State* (1982), Ind.App., 439 N.E.2d 1181, 1189. A sufficient chain of custody was established; therefore, the trial court did not err in admitting the packet into evidence.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.